**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>JONE KOLI, AKA Jone Banuve,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent.</td><td>No. 16-72789<br><br>Agency No. A089-303-177<br><br>MEMORANDUM*</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 3, 2019
San Francisco, California

Before: LUCERO,** CALLAHAN, and BADE, Circuit Judges.

Jone Koli, aka Jone Banuve ("Banuve"), petitions for review of the Board of

Immigration Appeals' ("BIA") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Carlos F. Lucero, United States Circuit Judge for the
U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Exercising jurisdiction under 8 U.S.C. § 1252, we deny Banuve's petition.[1]

Where the BIA adopts the findings and reasoning of the Immigration Judge ("IJ") and also provides its own review of the evidence and law, we review the decisions of both the IJ and the BIA. See Flores-Vega v. Barr, 932 F.3d 878, 886 (9th Cir. 2019). We review factual findings for substantial evidence, deeming the IJ's findings conclusive "unless the evidence presented would compel a reasonable finder of fact to reach a contrary result." Id. (citation and emphasis omitted).

Ordinarily, an applicant must apply for asylum within one year of arriving in the United States. 8 U.S.C. § 1158(a)(2)(B). A late application may be considered, however, if the asylum applicant establishes changed circumstances that materially affect his eligibility. 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4)(i). Nevertheless, the applicant must apply within a reasonable period given the changed circumstances. 8 C.F.R. § 1208.4(a)(4)(ii).

As a threshold matter, we conclude we have jurisdiction to review the BIA's decision that Banuve failed to establish changed circumstances excusing the late filing of his asylum application. Although we generally lack jurisdiction to review the denial of an asylum application as untimely, we retain jurisdiction to review constitutional claims or questions of law, including "questions involving the

---

[1] Because the parties are familiar with the facts of this case, we restate them only to the extent necessary to explain our decision.

application of statutes or regulations to undisputed facts." Al Ramahi v. Holder, 725 F.3d 1133, 1138 (9th Cir. 2013) (citation omitted). Banuve challenges the BIA's application of the changed-circumstances exception to his asylum application. The BIA confined its review of the timeliness issue to undisputed facts and conducted its own legal analysis applying the statute to those facts. Under these circumstances, our jurisdiction is preserved. See Taslimi v. Holder, 590 F.3d 981, 985 (9th Cir. 2010).

Turning to the substance of the timeliness issue, Banuve entered the United States in 2003 but did not seek asylum until 2009. His asylum claim stems from an incident in 2002 in which Josaia Bainimarama, then the commander of Fiji's armed forces, allegedly threatened to kill Banuve after Banuve accused Bainimarama of involvement in the 2000 coup in Fiji. Banuve contends that his circumstances changed in 2009 when Bainimarama, now prime minister, refused to hold elections. We disagree. Substantial evidence supports the BIA's determination that Banuve's delay in applying for asylum was not reasonable because any changed circumstances materialized following Bainimarama's December 2006 coup. We therefore affirm the denial of Banuve's asylum application as untimely.

With respect to his requests for withholding of removal and CAT relief, Banuve challenges the adverse credibility determination underlying the denial of that relief. "We must uphold an adverse credibility determination so long as even

one basis is supported by substantial evidence." <u>Lizhi Qiu v. Barr</u>, 944 F.3d 837, 842 (9th Cir. 2019) (quotation omitted). Substantial evidence supports the findings that (1) Banuve provided inconsistent testimony about whether he supported the 2000 coup and (2) documentary evidence conflicts with his assertion that he did not support the coup.

Banuve does not challenge the denial of his withholding of removal or CAT claims on any basis other than the adverse credibility determination. Any such challenge is therefore waived. <u>See</u> <u>Maharaj v. Gonzales</u>, 450 F.3d 961, 967 (9th Cir. 2006).

**PETITION DENIED**.